```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                  EASTERN DISTRICT OF OKLAHOMA

MARY F. GODOUA,                )
                               )
          Plaintiff,           )
                               )
v.                             )     Case No. CIV-15-319-JHP-KEW
                               )
CAROLYN W. COLVIN, Acting      )
Commissioner of Social         )
Security Administration,       )
                               )
          Defendant.           )
```

## REPORT AND RECOMMENDATION

Plaintiff Mary F. Godoua (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or

impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

(10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on May 22, 1966 and was 49 years old at the time of the ALJ's decision. Claimant completed her high school education with special education classes. Claimant has worked in the past as a cashier at a convenience store, cook, and housekeeper. Claimant alleges an inability to work beginning February 2, 2009 due to limitations resulting from chronic low back pain, depression, anxiety, and chronic pain arising from a

3

fractured right elbow.

**Procedural History**

On September 17, 2009, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. After an administrative hearing, the Administrative Law Judge ("ALJ") issued an unfavorable decision with regard to which the Appeals Council denied review. An appeal to the United States District Court for the Western District of Arkansas affirmed the decision. However, the Eighth Circuit Court of Appeals reversed and remanded the case "for further development of the record on [Plaintiff's] mental impairments, including her mental residual functional capacity."

Claimant moved to Oklahoma. She also filed a second set of applications for benefits on October 20, 2010. On May 11, 2012, a different ALJ issued a fully favorable decision, finding Claimant disabled beginning October 2, 2010. Claimant requested review of the denial of benefits for the closed period between February 2, 2009 and October 1, 2010. On April 20, 2015, an administrative hearing was conducted by ALJ B. D. Crutchfield by video with

4

Claimant appearing in Poteau, Oklahoma and the ALJ presiding from Tulsa, Oklahoma. The ALJ entered an unfavorable decision on June 23, 2015. Claimant took a direct appeal to this Court of the ALJ's decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made her decision at step two of the sequential evaluation. She determined that Claimant did not suffer from any severe impairments.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in (1) finding none of Claimant's impairments as severe at step two; and (2) engaging in a faulty credibility analysis.

**Step Two Determination**

In her decision, the ALJ determined Claimant suffered from the medically determinable impairments of asthma, diabetes mellitus, anxiety, and depression. (Tr. 324). The ALJ concluded that none of these impairments, either singly or in combination, significantly limited Claimant's ability to perform basic work-related activities for twelve consecutive months. (Tr. 325). As a result, the ALJ found Claimant was not disabled for the closed

5

period from February 2, 2009 through October 1, 2010. (Tr. 330).

Claimant first contends the ALJ should have found one or more of her impairments to be severe at step two. As a result of the decision of the Eighth Circuit Court of Appeals, Claimant underwent a consultative mental examination by Dr. Patricia J. Walz, a psychologist on May 5, 2011. Dr. Walz diagnosed Claimant with Probable Bipolar II Disorder and Panic Disorder without Agoraphobia. She stated at Axis II that Claimant had Borderline Traits. She estimated Claimant's GAF at 45-50 based on a chaotic lifestyle. (Tr. 527).

Claimant reported to Dr. Walz that she gets frustrated easily, can't concentrate, and stresses too much. She stated she lost jobs due to her mental problems. She told Dr. Walz that she had been abused as a child, was depressed, had suicidal ideations and several suicide attempts, had homicidal ideations about family members, and has anxiety. She was hospitalized for psychological problems when she was a teenager for two years. She believed she was diagnosed as a manic depressant with suicidal tendencies. Claimant does not want to socialize and has erratic moods. (Tr. 523-24). Claimant graduated from high school with special education classes. (Tr. 525).

Dr. Walz completed a statement on functional effects

6

Claimant's mental impairments had on her.  Claimant is able to drive, shops independently, has difficulty reaching form objects and pushing the cart, has friends with whom she talks and goes to the movies, goes to church regularly, reads, and watches television.  Her social skills were impaired by irritability.  Her speech was clear and intelligible.  Her intellectual functioning was thought to be in the borderline to low average range.  Her attention and concentration were fair.  She persisted well although there were times in which she was a bit dramatic which Dr. Walz attributed as being probably related to her personality disorder.  Claimant's speed of information processing was slow.  (Tr. 528).

The burden of showing a severe impairment is "de minimis," yet "the mere presence of a condition is not sufficient to make a step-two [severity] showing." Flaherty v. Astrue, 515 F.3d 1067, 1070-71 (10th Cir. 2007) quoting Williamson v. Barnhart, 350 F.3d 1097, 1100 (10th Cir. 2003); Soc. Sec. R. 85-28.  At step two, Claimant bears the burden of showing the existence of an impairment or combination of impairments which "significantly limits [his] physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(c).  An impairment which warrants disability benefits is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable

7

clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(1)(D). The severity determination for an alleged impairment is based on medical evidence alone and "does not include consideration of such factors as age, education, and work experience." Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988).

With a mental impairment, the ALJ is required to utilize the procedure set forth in 20 C.F.R. § 416.920a and rate the impairment in four broad functional areas - activities of daily living, social functioning, concentration, persistence or pace, and episodes of decompensation. The ALJ proceeded carefully through all of these domains citing the evidence primarily from Dr. Walz's report. The ALJ found Claimant was not limited in her activities of daily living, mildly limited in social functioning, mildly limited in concentration, persistence, or pace, and had experienced no episodes of decompensation. (Tr. 329-30). Despite Claimant's arguments to the contrary, the ALJ largely based his findings upon Dr. Walz's report. Claimant erroneously states that the ALJ relied upon a non-examining state agency psychological consultant and gave his opinion "great weight." No such consultant, other than Dr. Walz, is referenced in the decision. The ALJ did rely upon the opinion of Dr. Bill Payne but his opinion related exclusively to physical impairments. (Tr. 257).

The ALJ's sole deviation from Dr. Walz's report came with the rejection of her GAF findings. Without doubt, a low GAF is not conclusive on the issue of whether a claimant is unable to perform the necessary functions of employment. "The GAF is a subjective determination based on a scale of 100 to 1 of the clinician's judgment of the individual's overall level of functioning. <u>Langley v. Barnhart</u>, 373 F.3d 1116, 1122 n. 3 (10th Cir. 2004). The Tenth Circuit through a series of unpublished decisions has made it clear that the failure to discuss a GAF alone is insufficient to reverse an ALJ's determination of non-disability. *See*, <u>Lee v. Barnhart</u>, 2004 WL 2810224, 3 (10th Cir. (Okla.)); <u>Eden v. Barnhart</u>, 2004 WL 2051382, 2 (10th Cir. (Okla.)); <u>Lopez v. Barnhart</u>, 2003 WL 22351956, 2 (10th Cir. (N.M.)). The foundation for this statement is the possibility that the resulting impairment may only relate to the claimant's social rather than occupational sphere. <u>Lee</u>, *supra* at 3. This deviation alone is not sufficient for this Court to require further analysis from the ALJ. As a result, this Court attributes no error from the ALJ's failure to consider Claimant's condition as a severe mental impairment.

While Claimant is correct that she has been diagnosed at various times with chronic low back pain, depression, anxiety, elbow problems, and migraine headaches, at no time has any

9

physician suggested that these conditions operate to impair Claimant's ability to engage in basic work activities. Claimant is, again, incorrect that the ALJ failed to reference her chronic low back pain. The ALJ considered the condition but found the last reference to it was from May of 2010 and he noted that she was prescribed medication for the condition. (Tr. 326). Based upon the evidence of record, this Court cannot find the ALJ erred in his evaluation of the severity of Claimant's impairments.

**Credibility Determination**

Claimant suggests the ALJ improperly assessed Claimant's credibility as to pain. The ALJ found Claimant's pain complaints to be less than credible primarily based upon his findings that she was taking pain medication without side effects, the inconsistency and sporadic nature of her treatment, and from the extent of her activities. (Tr. 326-27).

It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id.

Factors to be considered in assessing a claimant's credibility

include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3.

An ALJ cannot satisfy his obligation to gauge a claimant's credibility by merely making conclusory findings and must give reasons for the determination based upon specific evidence. Kepler, 68 F.3d at 391. However, it must also be noted that the ALJ is not required to engage in a "formalistic factor-by-factor recitation of the evidence." Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000).

In this case, the ALJ thoroughly discussed the discrepancies in the Claimant's actions, the medical record, and her testimony

which adversely reflected upon the credibility of Claimant's statements of limitation due to pain. The discussion contains thoughtful reasoning and careful consideration of the record. No error is found in this credibility analysis.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **AFFIRMED**. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 11th day of August, 2016.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE